UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON DIANE JONES,

                        Plaintiff,

                                          CIVIL CASE NO. 06-14002

v.

FIRE MOUNTAIN RESTAURANTS, INC.,       HONORABLE PAUL V. GADOLA
                                                U.S. DISTRICT COURT
                        Defendant.
_____/

## **ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant's motion for summary judgment, filed on May 11, 2007. The proof of service for Defendant's motion indicates that Plaintiff was electronically served on May 11, 2007. Plaintiff has not filed a response opposing the motion. Local Rule 7.1(b) for the Eastern District of Michigan states that a "respondent opposing a motion **must** file a response, including a brief and supporting documents then available." E.D. Mich. L.R. 7.1(b) (emphasis added). Local Rule 7.1(d)(1)(B) requires that responses to dispositive motions be due within twenty-one (21) days of service of the motion. E.D. Mich. L.R. 7.1(d)(1)(B). Accordingly, the response to the motion was due by at least June 1, 2007. *See* Fed. R. Civ. P. 6(e). To date, no response has been filed. Thus, the motion is unopposed. After considering Defendant's motion, the Court finds that summary judgment in favor of Defendant is appropriate.

**I.**      **Background**

This case involves a claim of negligence. Defendant Fire Mountain Restaurants, Inc. owns a Fire Mountain Restaurant in Warren, Michigan. On the evening of December 19, 2005, between

approximately 7:00 and 8:00 p.m., Plaintiff Sharon Diane Jones was crossing the parking lot outside the Fire Mountain Restaurant with her son Jason Jones and his infant daughter, after having had a meal at the restaurant. Jason Jones described the weather at the time of the incident as being "very cold." Dep. of Jason Jones, Mot. Sum. Judg., Exh. B, p.17 (May 11, 2007). Plaintiff was returning to Jason Jones's vehicle after having spent approximately an hour at the restaurant. As Plaintiff was walking from the restaurant, she slipped and fell forward near the rear of her son's car, hitting her face on the vehicle. Jason Jones, who was putting his daughter into the car, went to help his mother and saw that there was ice covering the ground where she had fallen. After Plaintiff fell, Plaintiff saw that there was ice on the ground. By all accounts, there was no notice of any snow or ice in the parking lot when the Jones family first arrived at the restaurant. Furthermore, Defendant has an agreement with a snow removal service which had salted the parking lot within twenty-four hours before Plaintiff's fall. Plaintiff alleges that she suffered injuries to her nose and face and the aggravation of old injuries.

Subsequently, Plaintiff filed suit against Defendant, asserting one claim of negligence and one claim of nuisance. The Court exercises diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332. On February 6, 2007, this Court dismissed Plaintiff's nuisance claim. Now before the Court is Defendant's motion for summary judgment with regard to Plaintiff's remaining claim of negligence.

## II.     Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts

to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see Celotex*, 477 U.S. at 322-23; *Matsushita*, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), *aff'd*, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

## III. Analysis

Since this case is before the Court on diversity jurisdiction, the law of Michigan applies. In order to establish a negligence claim under Michigan law, "plaintiffs must prove (1) that defendant owed them a duty of care, (2) that defendant breached that duty, (3) that plaintiffs were injured, and (4) that defendant's breach caused plaintiffs' injuries." *Henry v. Dow Chem. Co.*, 701 N.W.2d 684, 688 (Mich. 2005) (citations omitted). A business and its customers are considered to be in an

invitor/invitee relationship. *See Arias v. Talon Dev. Group, Inc.*, 608 N.W.2d 484, 485 (Mich. Ct. App. 2000); *see also Lugo v. Ameritech Corp., Inc.*, 629 N.W.2d 384, 386 (Mich. 2001). The duty of care that an invitor has towards its invitees is a duty of "reasonable care," which includes a duty to protect invitees from "unreasonable risk of harm caused by a dangerous condition on the land." *Id*. The legal duty of an invitor is not absolute and does not generally include a duty to protect invitees from open and obvious dangers. *Id*.

A situation with open and obvious dangers is one where the "dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them." *Id.* (citing *Riddle v. McLouth Steel Products Corp.*, 485 N.W.2d 676, 681 (Mich. 1992)). When, however, the risk of harm imposed by the condition of the land remains unreasonable despite the open and obvious nature of the condition, the invitor is required to take reasonable precautions to protect invitees from that danger. *Id.* at 387. An open and obvious condition is unreasonably dangerous if it either (1) presents "an unreasonably high risk of severe harm," such as an unguarded thirty foot deep pit, or (2) is unavoidable, such as standing water in front of the only exit from a building. *Id* at 387.

A surface made slippery due to the accumulation of ice or frost constitutes a "classic example of an open and obvious danger." *Perkoviq v. Delcor Homes-Lake Shore Pointe, Ltd.*, 643 N.W.2d 212, 215 (Mich. 2002). Michigan courts have also held that a snow-covered surface constitutes an open and obvious danger, as snow cover would indicate a potential slippery surface underneath. *Ververis v. Hartfield Lanes (on remand)*, 718 N.W.2d 382, 384-86 (Mich. 2006) (also noting that the ruling was an extension of "precedents already recognizing that an icy surface presents an open

and obvious danger"). It should also be noted, however, that an invitor owes a duty to take reasonable measures within a reasonable time after accumulation of ice and snow in order to diminish the hazard of injury to an invitee. *See Orel v. Uni-Rak Sales Co., Inc.*, 563 N.W.2d 241, 243 (Mich. 1997) (citing *Quinlivan v. Great Atlantic & Pacific Tea Co.*, 235 N.W.2d 732, 740 (Mich. 1975)).

Defendant argues that it had no duty with regard to Plaintiff's claim of negligence because the ice in its parking lot was open and obvious. Defendant observes that there is no dispute with regard to the facts of the case indicating that the ice in the parking lot was open and obvious and that there was no knowledge on the part of Defendant of the alleged dangerous condition. Accordingly, Defendant concludes that summary judgment is appropriate.

Considering the facts in the light most favorable to Plaintiff and after taking into account Defendant's unopposed motion and the attached exhibits, the Court finds that Defendant had no duty of care to Plaintiff and that Defendant is entitled to summary judgment. It is uncontested that the occurrence took place on a cold winter day in Michigan. There is no evidence tending to show that the ice in the parking lot was not open and obvious. Jason Jones said that after he helped his mother up, he looked down and could see the ice on the ground. Dep. of Jason Jones, Mot. Sum. Judg., Exh. B, p.17 (May 11, 2007). Plaintiff herself admits that after the fall, she could see the ice from a standing position. Dep. of Pl., Mot. Sum. Judg., Exh. A, p.38 (May 11, 2007). She also stated that the ice felt "slick." *Id.* at p.39. In addition, there is nothing in the statements of either Plaintiff or her son indicating that the premises were not kept reasonably safe. Sharon and Jason Jones stated they had no recollection of seeing any accumulations of snow or ice an hour before the incident,

6

when they first entered the restaurant. Dep. of Jason Jones, Mot. Sum. Judg., Exh. B, p.8 (May 11, 2007); Dep. of Pl., Mot. for Sum. Judg., Exh. A, p.31 (May 11, 2007). There is nothing to contest the assertion made by Allen Davis III, the restaurant's manager, that the parking lot had been salted by a professional snow removal agency no more than twenty-four hours before the incident occurred. Dep. of Allen Davis III, Mot. for Sum. Judg., Exh. C, p.12 (May 11, 2007). In addition, Plaintiff could recall that there was lighting in the parking lot. Dep. of Pl., Mot. for Sum. Judg., Exh. A, p.39 (May 11, 2007). Therefore, the facts do not indicate that the ice on the ground posed an unreasonably high risk of severe harm or was unavoidable. Accordingly, even when considering the facts in the light most favorable to Plaintiff, there is no evidence that the conditions in the parking lot were unreasonably dangerous. Consequently, Defendant had no legal duty to Plaintiff to protect against the ice which was open and obvious. Duty of care is an essential element of Plaintiff's negligence claim and one which Plaintiff is unable to establish. Consequently, there is no genuine issue of material fact and Plaintiff's negligence claim fails as a matter of law. Accordingly, the Court grants Defendant's motion for summary judgment.

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment [docket entry #6] is **GRANTED**.

**SO ORDERED.**

Dated:   July 26, 2007          s/Paul V. Gadola
                                HONORABLE PAUL V. GADOLA
                                UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   July 26, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
              Jonathan M. Jaffa; Cary M. Makrouer                          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                              .

                                          s/Ruth A. Brissaud
                                          Ruth A. Brissaud, Case Manager
                                          (810) 341-7845