UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON DIANE JONES,

                      Plaintiff,

                                            CIVIL CASE NO. 06-14002

v.

FIRE MOUNTAIN RESTAURANTS, INC.,        HONORABLE PAUL V. GADOLA
                                                    U.S. DISTRICT COURT
                      Defendant.
_____/

## **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Before the Court is Plaintiff's motion for reconsideration, in which Plaintiff requests that the Court reconsider its July 26, 2007 order granting summary judgment in favor of Defendant and dismissing this case. Originally, Plaintiff had failed to file a response to Defendant's motion for summary judgment. After considering Defendant's unopposed motion, this Court found that, when considering the facts in the light most favorable to Plaintiff, Defendant had no duty of care to Plaintiff and was entitled to summary judgment.

In her motion, Plaintiff seeks reconsideration of the Court's order granting Defendant's motion for summary judgment. Local Rule 7.1(g) for the Eastern District of Michigan provides for reconsideration of a Court's order or judgment. The rule states:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(g)(3).

Here, Plaintiff argues that her failure to file a response is an excusable mistake. The Court disagrees. There is no dispute that Plaintiff was registered as an electronic filer and that Defendant's motion was properly served on Plaintiff through the Court's electronic filing system. *See* E.D. L.R. 5.1.1(b) ("Transmission of the Notice of Electronic Filing is service on each party in the case registered as a filing user."). Plaintiff's excuses about not receiving e-mail notification are meritless. The Court also notes that in Defendant's motion for summary judgment, Defendant states that concurrence was sought from Plaintiff's counsel on May 10, 2007, and that such concurrence was not granted. *See* Def. Mot. Sum. Judg., p.1 (docket entry #6, May 11, 2007). By this request of concurrence, Plaintiff should have received notice of Defendant's motion. The Court finally notes that on July 3, 2007, Plaintiff filed a witness list on the Court's docket after Defendant's motion was filed, and should have been aware of the pending motion on the docket. Accordingly, Plaintiff's failure to respond to the motion for summary judgment is not an excusable mistake.

In addition, Plaintiff's failure to respond does not create a palpable defect by which the Court was misled. Plaintiff's response does not present additional facts that would change the Court's initial determination of the case. The Court continues to find that when considering the evidence in the light most favorable to Plaintiff, the ice that was in Defendant's lighted parking lot was visible. Accordingly, the Court concludes that the ice was open and obvious.

Plaintiff argues that the Court was misled in thinking that the parking lot was salted by the snow removal company within twenty-four hours before Plaintiff's fall, which is not the case. The Court finds that, even when assuming that the parking lot was not salted by the snow removal company within twenty-four hours before Plaintiff's fall, the evidence does not indicate that

Defendant failed to take reasonable measures to diminish the hazard of injury. In summary, the Court finds that the conditions in the parking lot were not unreasonably dangerous and that Defendant did not have a duty to Plaintiff to protect against open and obvious ice. Consequently, Plaintiff has failed to demonstrate how a different disposition to the case would result.

The Court also finds that Plaintiff is not entitled to relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). As explained above, Plaintiff's failure to respond to Defendant's motion is not an excusable mistake, as service of the motion on Plaintiff was proper. In addition, as explained above, the Court did not make a substantive mistake of law or fact in finding that Defendant was entitled to summary judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration [docket entry #11] is **DENIED**.

**SO ORDERED**.

Dated:   January 22, 2008                                  s/Paul V. Gadola
                                                           HONORABLE PAUL V. GADOLA
                                                           UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   January 22, 2008 ,  I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
        Keitha K. Cowen; Jonathan M. Jaffa; Cary M. Makrouer                , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                             .

                                    s/Ruth A. Brissaud
                                    Ruth A. Brissaud, Case Manager
                                    (810) 341-7845